WELCH, J.
lain this workers’ compensation case, the plaintiff/employee, Tyrone D. Lawson, appeals a summary judgment granted in favor of a defendant, the Louisiana Commerce & Trade Association Self Insurer’s Fund (“LCTA”), on the basis that the plaintiff had no right of direct action against LCTA. Finding that the plaintiff does have a right of action, we reverse and remand.
FACTUAL AND PROCEDURAL HISTORY
The plaintiff was involved in an automobile accident in June 2002, while driving an eighteen-wheeler for his employer, Arabie Brothers Trucking, Inc. (“Arabie”). As a result of this accident, the plaintiff was injured and thereafter, was paid his regular compensation and medical benefits through July 2005 by a company that provided human resource services to Arabie. Thereafter, his benefits were apparently terminated without explanation or notice to the plaintiff.
On April 28, 2006, the plaintiff filed a disputed claim for compensation against Arabie and its alleged workers’ compensation insurer/administrator, O Two H/R Services. Thereafter, the plaintiff received notice that Arabie had been liquidated in bankruptcy in November 2004, and he was eventually provided with a certified copy of Arable’s workers’ compensation policy listing the insurer as LCTA for the time period of January 1, 2002 to January 1, 2003 (the time period within which the plaintiffs accident occurred). The plaintiff filed a third amended disputed claim for compensation on December 22, 2006, naming LCTA as a defendant.
LCTA filed a peremptory exception raising the objections of prescription and no cause or no right of action (relating to coverage issues), both of which were denied. LCTA then filed a motion for summary judgment claiming that it was not an “insurer” subject to the insurance code, and therefore, could not be sued directly by the plaintiff under the direct action statute. A hearing on the motion was held |aon April 29, 2011, and on that same date, the WCJ rendered and signed a judgment granting LCTA’s motion for summary judgment and dismissing the plaintiffs *752 claim against it with prejudice. This appeal followed.
LAW AND DISCUSSION
On appeal, the plaintiff claims that the WCJ erred in granting LCTA’s motion for summary judgment on the basis that the plaintiff did not have a right of action against it and in dismissing the plaintiffs claims against LCTA. We agree.
Essentially, in its motion for summary judgment, LCTA claims that it is not an insurance company, but rather, that it is a group self-insurance fund set up in accordance with the provisions of La. R.S. 23:1191, et seq. And since La. R.S. 23:1195 specifically provides that group self-insurance funds are not insurers, are not to be deemed insurance, and are not subject to the Louisiana Insurance Code, LCTA argues that the plaintiff cannot directly sue it pursuant to the direct action statute. See La. R.S. 22:1269 and former La. R.S. 22:655. LCTA further claims that the plaintiff has no privity with LCTA, and thus, the plaintiffs right of action for workers’ compensation benefits is solely against his employer.[1]
Louisiana Revised Statutes 23:1168 provides that group self-insurance funds are a means of securing workers’ compensation to employees. The provisions concerning group self-insurance funds are currently set forth in La. R.S. 23:1191, et seq. At the time of the plaintiffs work-related accident,[2] La. R.S. 23:1195(A)(1) provided as follows:
Any five or more Louisiana employers who are not public entities, each of whom has a positive net worth, is financially solvent and is capable of assuming the obligations set forth under this Chapter |4and who is a member of the same bona fide trade or professional association as the other employers may agree to pool their liabilities to their employees on account of personal injury and occupational disease arising out of or incurred during the course and scope of the employment relationship on a fund year basis. This arrangement shall not be deemed to be insurance and shall not be subject to the provisions of Chapter 1 of Title 22 of the Louisiana Revised Statutes of 1950. [Emphasis added].[3]
*753 In Louisiana Safety Association of Timbermen Self-Insurers Fund v. Louisiana Insurance Guaranty Association, 2009-0023 (La.6/26/09), 17 So.3d 350, 357, the Louisiana Supreme Court analyzed and ascertained the meaning of the above provision of La. R.S. 23:1195(A)(1) and concluded that “the Legislature sought only to exclude workers’ compensation self-insurers from the regulatory provisions of Chapter 1 of Title 22 of the Insurance Code when it adopted the language of [La. R.S] 23:1195(A)(1).” Thus, the designation that “self-insurance is not deemed insurance has a circumscribed and limited meaning.” Id.
Notably, former La. R.S. 22:655, the direct action statute in effect at the time of the plaintiffs work-related accident, was not contained in the regulatory provisions of Chapter 1 of Title 22 of the Insurance Code. Therefore, former La. |sR.S. 22:655 is applicable to LCTA and the plaintiffs claims against it, and it provided, in pertinent part, as follows:
A. No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors, mentioned in Civil Code Art. 2315.1, or heirs against the insurer.
B. (1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of competent jurisdiction;
(b) The insured is insolvent;
* * *
The “Workers’ Compensation and Employer Liability Certificate of Self-Insurance” issued by LCTA to Arabie specifically provides, as follows:
These statements apply where they are required by law:
1. As between an injured worker and [LCTA], [LCTA] ha[s] notice of the injury when [Arabie] ha[s] notice.
2. [Arable’s] default or the bankruptcy of [Arabie or its estate] will not relieve [LCTA] of [its] duties under this coverage after an injury occurs.
3. [LCTA is] directly and primarily liable to any person entitled to benefits payable by this coverage. Those *754 persons may enforce [LCTA’s] duties; so may an agency authorized by law. 1 (¾Enforcement may be against [LCTA] or against [Arabie] and [LCTA]. [Emphasis added.]
Considering the circumscribed, limited meaning of the applicable version of La. R.S. 23:1195(A)(1) set forth by our supreme court in Louisiana Safety Association of Timbermen Self-Insurers Fund, 17 So.3d at 357, the applicable provisions of the direct action statute, the bankruptcy of Arabie, and the specific provisions of the certificate of self-insurance issued by LCTA to Arabie, which provides for a direct right of action by an injured worker against LCTA for workers’ compensation benefits, we conclude that the plaintiff has a right of direct action against LCTA. Accordingly, the WCJ erred in granting LCTA’s motion for summary judgment on the basis that the plaintiff had no right of direct action against LCTA and in dismissing the plaintiffs claims against it. The April 29, 2011 judgment of the WCJ is reversed, and this matter is remanded for further proceedings.
CONCLUSION
For all of the above and foregoing reasons, the April 29, 2011 judgment is reversed, and this matter is remanded for further proceedings.
All costs of this appeal are assessed to the defendant/appellee, the Louisiana Commerce & Trade Association Self Insurer’s Fund.
REVERSED AND REMANDED.
McClendon, j. concurs.

. The plaintiff’s employer, Arabie, cannot be sued for this obligation because Arabie was discharged for this obligation in the bankruptcy proceedings without the knowledge of the plaintiff.

. The general rule is that the law in effect at the time of the work-related accident governs in workers' compensation cases. Frith v. Riverwood, Inc., 2004-1086 (La.1/19/05), 892 So.2d 7, 12-13.

. Louisiana Revised Statutes 23:1195(A)(1) was subsequently amended by 2006 La. Acts, No. 634, § 1, eff. June 23, 2006; 2007 La. Acts, No. 384, § 1; 2008 La. Acts, No. 220, § 8, eff. June 14, 2008; and 2010 La. Acts, No. 794, § 2, and now provides:
Any five or more Louisiana employers who are not public entities, each of whom has a positive net worth, is financially solvent, and is capable of assuming the obligations set forth under this Chapter, and who are all members of the same bona fide trade or professional association may agree to pool their liabilities to their employees on account of personal injury and occupational disease arising out of or incurred during the course and scope of the employment relationship. This arrangement shall not be an insurer, shall not be deemed to be insurance and shall not be subject to the Louisiana Insurance Code. The member employers of the arrangement likewise shall not be insurers or be subject to the Louisiana Insurance Code. [Emphasis added].
LCTA argues that the provisions of La. R.S. 23:1195(A)(1), as amended by 2010 La. Acts, No. 794, § 2 is applicable herein. However, as these amendments are substantive in nature, they cannot be retroactively applied to the plaintiff’s claim. See La. C.C. art. 6. Furthermore, as previously noted in footnote 1, the provision of law in effect at the time of the *753 plaintiff's work-related accident is the law applicable to the plaintiff's claims. See Frith, 892 So.2d at 12-13.